ORIGINAL

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

NATALIA ORLOVA D/B/A STP GOODS AND
GLOBAL TRADE HOUSE, INC.,

Plaintiffs,

v.

STPGOODS SHOP,

Defendant.

USDSNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/18/23

Civil Action No. 23-cv-3198

## [PROPOSED] TEMPORARY RESTRAINING ORDER     LLS

Upon the Verified Complaint of Natalia Orlova d/b/a STP Goods and Global Trade House, Inc., sworn to April 17, 2023, and the Declaration of Wing K. Chiu, dated April 17, 2023, along with the exhibits and other evidence attached thereto, in support of Plaintiffs' *ex parte* application for an Order: (1) enjoining Defendant from infringing Plaintiffs' trademarks, including by shutting down Defendant's domain name at http://www.sale-kidsbedding.com that is currently registered with the domain name registrar, Gname.com Pte. Ltd., (2) authorizing service of expedited discovery upon Defendant's domain name registrar, Gname.com Pte. Ltd., and payment processors, including Visa, PayPal, Stripe, MasterCard and Cash on Delivery, to identity the true actors responsible for the infringing website and their addresses, (3) restraining all of Defendant's financial accounts with its payment processors, including Visa, PayPal, Stripe, MasterCard and Cash on Delivery, pending this proceeding to protect Plaintiffs' rights to an accounting, and (4) authorizing service of process on Defendant through email service on the only reliable contact email provided by Defendant, pay-service@jmsunnya.com, the Court makes the following findings of fact and conclusions of law:

### FACTUAL FINDINGS & CONCLUSIONS OF LAW

1. Since 1994, Plaintiff Natalia Orlova has operated a brick and mortar business in

1

New York City called "STP Goods", which imports and sells Russian books, music and movies to major universities and libraries throughout the United States. (Compl. ¶¶ 28-30.)

2. In 2016, Ms. Orlova launched an online store selling these same goods to corporate and individual customers called "STPgoods.com" at the URL www.stpgoods.com. (Compl. ¶ 33.)

3. By virtue of its expansion to online sales, STP Goods is now the largest seller of Eastern European goods in North America. (*Id.* ¶ 34.)

4. From its start as a brick and mortar store in 1994 to its expansion online in 2016, Ms. Orlova has identified her business as "STP Goods" in marketing and promotions. For example, the store in Brooklyn had (and has) a large sign that uses the name, "STP Goods". (*Id.* ¶ 35.)

5. Through extensive and continuous use of that name in commerce for nearly thirty years, Ms. Orlova has developed common law trademark rights to the name "STP Goods" for selling books, music, movies, housewares and other household items. (*Id.* ¶ 36.)

6. After Ms. Orlova launched her website, she trademarked the name "STPGoods.com" in 2021 to protect and advertise her online store, and to further promote her brand. That trademark was issued by the United States Patent and Trademark Office on June 29, 2021 under Registration No. 6,405,450 in International Class 035. (*Id.* ¶ 37.)

7. A few years later in 2021, Ms. Orlova designed a logo to further brand her store, and eventually authorized the company in which she is the owner, Plaintiffs Global Trade House, Inc., to apply for trademark protection for that logo in April 2022, which was assigned U.S. Serial No. 97363162. (*Id.* ¶ 39.)

8. Although, that application has yet to be approved, Ms. Orlova and Global Trade House have common law rights to that logo and were the first to use that logo in commerce for advertising books, music, movies, housewares and household items. (*Id.* ¶¶ 38-39.)

2



9. To further promote its stores and brand, STP Goods also launched webpages on Facebook, Twitter, Yelp, YouTube, LinkedIn, Pinterest, and Instagram that each prominently featured all of their marks, and which have thousands of followers. (*Id.* ¶ 40.)

10. This extensive advertising, along with providing quality goods to customers with good customer support helped STP Goods develop an impeccable reputation in the marketplace and helped STP Goods generate hundreds of thousands of dollars per year in revenue. (*Id.* ¶ 41.)

11. In 2023, Defendant "STP Goods Shop" launched a website at http://www.sale-kidsbedding.com that was selling substantially all of the same goods that Plaintiffs sell on their website, using nearly identical images from STP Goods' website. (*Id.* ¶ 42.)

12. Further, Defendant was (and still is) copying all of Plaintiffs' trademarks to advertise those goods. (*Id.* ¶ 43.)



3

https://www.sale-kidsbedding.com/stp-goods-cute-ducklings-enamel-on-steel-1-6-quart-pot-w-lid/



https://www.sale-kidsbedding.com/stp-goods-9-stainless-steel-drum-strainer-sieve

13. Defendant is not, nor has it ever been, authorized distributors or licensees of Plaintiffs' trademarks. (*Id.* ¶¶ 56, 67.)

14. Plaintiffs have also established that Defendant is engaging in fraudulent conduct by impersonating Plaintiffs, taking orders from customers as if it is associated with Plaintiffs, taking payments from customers, and not delivering products. (*Id.* ¶¶ 45-47.)

15. Plaintiffs have established that this fraudulent conduct exposes Plaintiffs to potential liability from customers who purchase goods from Defendant but who never receive any goods from Defendant. (*Id.* ¶ 48.)

16. This Court has personal jurisdiction over Defendant under Civil Practice Law and Rules Section 302(a)(1) because Defendant operates a website through which customers in New York State can, and have, purchased goods from that infringing website. (*Id.* ¶ 45.)

17. Plaintiffs have established a likelihood of success on their claims for trademark infringement of the registered "STPGoods.com" trademark and the unregistered "STP Goods word

4

and logo marks because they has shown that Defendant sells nearly identical goods using near duplicates of Plaintiffs' trademarks on Defendant's website. (*Id.* ¶¶ 42-43.)

18. As a result of Defendant's infringements, Plaintiffs are likely to suffer immediate and irreparable harm, damages and injuries before Defendant can be heard in opposition, unless Plaintiffs' Application for *ex parte* relief is granted, including harm to reputation and goodwill, and exposure to liability caused by Defendant's fraudulent conduct.

19. The balance of potential harm to Defendant of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiffs, their business, and the goodwill and reputation built up in and associated with sales of goods branded by the asserted trademarks.

20. The public interest favors issuance of the temporary restraining order to protect Plaintiffs' interests in and to the asserted trademarks, and to protect the public from being deceived and defrauded by Defendant's fraudulent sales of goods branded by the asserted trademarks.

21. Service on Defendant via electronic means is reasonably calculated to result in proper notice to Defendant because Defendant has been communicating with Plaintiffs' counsel since April 15, 2023 using an email address at pay-service@jmsunnya.com.

22. If Defendant is given notice of this *ex parte* application, it is likely to secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from its sales of infringing goods.

23. Therefore, good cause exists for granting Plaintiffs' request for an asset restraining order. It typically takes the aforementioned payment processors a minimum of five (5) days after service of the Order to locate, attach and freeze Defendant's assets and/or financial accounts and it is anticipated that it will take the Defendant's domain name registrar a minimum of five (5) days to shut down Defendant's infringing domain name. As such, the Court allows enough time for

Plaintiffs to serve the aforementioned payment processors and domain name registrar, Gname.com Pte. Ltd. with this Order, and for the payment processors and domain name registrar to comply with the Paragraphs I(B)(1) through I(B)(2) and I(C)(1) of this Order, respectively, before requiring service on Defendant.

24. Similarly, if Defendant is given notice of the Application, it is likely to destroy, move, hide or otherwise make inaccessible to Plaintiffs the records and documents relating to Defendant's manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of the infringing goods. Therefore, Plaintiffs have good cause to be granted expedited discovery.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiffs' Application is hereby GRANTED as follows:

## I. Temporary Restraining Order.

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendant is hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiffs' Application for a preliminary injunction as referenced in Paragraph (II)(A) below:

1. Manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling infringing goods;

2. Secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) infringing products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their user accounts, internet storefronts or Defendant's assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of infringing products;

3. Effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, user account, internet storefront or any other

6

means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of infringing products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

4. Knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(l) through I(A)(3) above and I(B)(l) through I(B)(2) and I(C)(l) below.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that the third party payment processors and domain name registrar are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiffs' Application for a preliminary injunction as referenced in Paragraph (II)(A) below, or until further order of the Court:

1. Secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendant's assets from or to Defendant's financial accounts until further ordered by this Court;

2. Secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendant's assets and Defendant's financial accounts; and

3. Knowingly instructing, aiding or abetting any person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(I) through I(A)(3) and I(B)(l) through I(B)(2) above and I(C)(l) below.

C. IT IS HEREBY ORDERED, as sufficient cause has been shown, that the third party payment processors and domain name registrar are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiffs' Application for a preliminary injunction as referenced in Paragraph (II)(A) below, or until further order of the Court:

1. Within five (5) days after receipt of service of this Order, providing services to Defendant, Defendant's user accounts and Defendant's internet storefront, including, without limitation, continued operation of Defendant's user accounts and internet storefront; and

2. Knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(1) through I(A)(4), I(B)(1) through I(B)(2) and I(C)(1) above.

## II. Order to Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice.

A. Defendant is hereby ORDERED to show cause before this Court in Courtroom of the United States District Court for the Southern District of New York at 500 Pearl Street/40 Foley Square, New York, New York on __Friday April 28__ 2023 at __12 noon__ o'clock, or at such LLS other time that this Court deems appropriate, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue.

B. IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Plaintiffs' counsel by delivering copies thereof to the office of Mestechkin Law Group P.C., 1733 Sheepshead Bay Road, Suite 29, Brooklyn, New York, 11235. Plaintiffs shall file any Reply papers on or before __Thursday April 27__, 2023. LLS

C. IT IS FURTHER ORDERED that Defendant is hereby given notice that failure to appear at the show cause hearing scheduled in Paragraph II(A) above may result in the imposition of a preliminary injunction against it pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

## III. Asset Restraining Order.

IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 64 and 65 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the payment processors shall locate and attach Defendant's financial accounts and shall provide written confirmation of such attachment to Plaintiffs' counsel.

8

## IV. Order Authorizing Service by Electronic Means.

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service of this Order, the Summons and Complaint, and all papers upon which Plaintiffs' Order to Show Cause is based shall be deemed effective as to Defendant if it is completed by email service at the address, pay-service@jmsunnya.com, on or before 5 pm April 19, 2023. LLS

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that alternative service by email herein shall be deemed effective as to Defendant's payment processors and Defendant's domain name registrar through the pendency of this action.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that service upon Defendant's payment processors and domain name registrar shall be deemed effective as to the following if it is completed by overnight mail, and email or fax upon:

1. Gname.com Pte. Ltd.
2. PayPal
3. Visa
4. PayPal
5. Stripe
6. MasterCard
7. Cash on Delivery

## V. Order Authorizing Expedited Discovery.

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1. Within fourteen (14) days after receiving service of this Order, Defendant shall serve upon Plaintiffs' counsel a written report under oath providing:

   a) Its true name and physical address;

9

    b)    The name and location and URL of any and all websites that Defendant owns and/or operates and the name, location, account numbers and URL for any and all User Accounts and Internet Storefronts on any Third Party Service Provider platform that Defendant owns and/or operates;

    c)    The complete sales records for any and all sales of infringing products, including but not limited to number of units sold, the price per unit, total gross revenue received (in U.S. dollars) and the dates thereof;

    d)    The account details for any and all of Defendant's financial accounts, including, but not limited to, the account numbers and current account balances; and

    e)    The steps taken by Defendant, or other person served to comply with Section I, above.

2. Plaintiffs may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendant shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs' counsel.

3. Plaintiffs may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendant shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiffs' counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1. Within fourteen (14) days of receiving actual notice of this Order, all payment processors who are served with this Order shall provide Plaintiffs' counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendant's financial accounts, including, but not limited to, documents and records relating to:

    a)    Account numbers;

    b)    Current account balances;

    c)    Any and all identifying information for Defendant, Defendant's user accounts and Defendant's internet storefronts, including, but not limited to, names, addresses and contact information;

    d)    Any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the

opening of each and every of Defendant's financial accounts;

e) Any and all deposits and withdrawals during the previous year from each and every one of Defendant's financial accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

f) Any and all wire transfers into each and every one of Defendant's financial accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1. Within fourteen (14) days of receipt of service of this Order, Defendant's domain name registrar shall provide to Plaintiffs' counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendant's User Accounts and Defendant's Internet Storefronts, including, but not limited to, documents and records relating to:

   a) Any and all user accounts and Defendant's internet storefronts and account details, including, without limitation, identifying information and account numbers for any and all user accounts and Defendant's internet storefronts that Defendant has ever had and/or currently maintain with the its domain name registrar;

   b) The identities, location and contact information, including any and all email addresses of Defendant;

   c) The nature of Defendant's businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendant's user accounts and Defendant's internet storefronts, a full accounting of Defendant's sales history and listing history under such accounts and Defendant's financial accounts with any and all financial institutions associated with Defendant's user accounts and Defendant's internet storefronts; and

   d) Defendant's manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of infringing goods.

**SO ORDERED.**

SIGNED this 18th day of April, 2023.

3:04 PM

Louis L. Stanton
UNITED STATES DISTRICT JUDGE

12