ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATALIA ORLOVA D/B/A STP GOODS AND
GLOBAL TRADE HOUSE, INC.,

                      Plaintiffs,

     - against -

STPGoods Shop,

                      Defendant.

23 Civ. 3198 (LLS)

OPINION, ORDER &
PERMANENT INJUNCTION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/28/23

On April 18, 2023, plaintiffs Natalia Orlova, doing business as STP Goods, and Global Trade House, Inc. (together "STP Goods") filed a Complaint against defendant STPGoods Shop for trademark infringement. STPGoods Shop did not respond to the Complaint. On the same day, STP Goods filed a Motion for a Preliminary Injunction, which the Court granted. On May 11, 2023, STP Goods obtained the clerk's certificate of default and filed a Motion for Default Judgment and a Permanent Injunction, which was denied for improper service. The following day, STP Goods cured the service deficiency. The Motion is now granted.

## Background

The following facts are alleged in the Complaint and are accepted as true. Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). STP Goods sells kitchen and bedroom accessories in a brick-and-mortar shop in New York City and on an online shop, both of which are called "STP Goods." Complaint (Dkt. No. 8)

("Comp.") at ¶¶ 2, 28-29. STP Goods is the largest seller of Eastern European goods in North America. Id. at ¶ 34. STP Goods has a federally registered trademark, "STPgoods.com," and alleges that it has common law trademarks for the name "STP Goods" and the associated logo. Id. at ¶¶ 36-39. STPGoods Shop operates an online store with a similar name that purports to sell the same items, despite no affiliation with STP Goods. Id. at ¶ 4. However, when customers purchase items from STPGoods Shop, they are never delivered. Id. at ¶ 6. STP Goods is worried that customers will mistakenly believe it is affiliated with STPGoods Shop, potentially exposing STP Goods to legal action or reputational harm. Id. at ¶¶ 10, 11.

STP Goods claims federal trademark infringement under Section 32 of the Lanham Act (15 U.S.C. § 1114) and infringement of unregistered trademarks under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)). STP Goods also seeks a permanent injunction barring STPGoods Shop from infringing on STP Goods' trademarks and shutting down its website. Id. at ¶ 13. As STPGoods Shop has not responded to the Complaint or appeared in this action, STP Goods now moves for default judgment.

## Discussion

### I. Trademark Infringement

Courts use the same standard to analyze claims for infringement of a federally registered trademark under Section

32 of the Lanham Act (15 U.S.C. § 1114) and an unregistered trademark under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)). See Time, Inc. v. Petersen Publ'g Co., 173 F.3d 113, 117 (2d Cir.1999). A "plaintiff must prove that its mark is entitled to protection and, even more important, that the defendant's use of its own mark will likely cause confusion with plaintiff's mark." Gruner + Jahr USA Publishing v. Meredith Corp., 991 F.2d 1072, 1074 (2d Cir. 1993). STP Goods satisfies both prongs.

### A. Entitled to Protection

"The strength of a trademark in the marketplace and the degree of protection it is entitled to are categorized by the degree of the mark's distinctiveness." Id. STP Goods has established the distinctiveness of its registered trademark, "STPgoods.com," by attaching a certificate of registration from the United States Register of Copyrights to the Complaint. Dkt. No. 8 Ex. 1. Registration creates a presumption that the mark is "more than merely descriptive, and, thus, that the mark is inherently distinctive." Lane Cap. Mgmt., Inc. v. Lane Cap. Mgmt., Inc., 192 F.3d 337, 345 (2d Cir. 1999).

STP Goods' unregistered word and logo marks are also distinctive. Suggestive marks are "deemed inherently distinctive and are entitled to protection," as "their intrinsic nature serves to identify a particular source of a product." Two Pesos,

Inc. v. Taco Cabana, Inc., 505 U.S. 763, 768 (1992). "A term is suggestive if it requires imagination, thought and perception to reach a conclusion as to the nature of goods." Stix Prods., Inc. v. United Merchs. & Mfrs. Inc., 295 F.Supp. 479, 488 (S.D.N.Y.1968). While the phrase "STP Goods" likely refers to the goods' origins in Saint Petersburg, Comp. at ¶ 37, it requires thought to reach this conclusion and is not immediately obvious. That makes both marks more than a generic description of goods and sufficiently distinctive to warrant protection.

### B. Consumer Confusion

STPGoods Shop's unauthorized use of STP Goods' marks is likely to cause confusion, as the infringing marks are exact copies of STP Goods' marks. Id. at ¶¶ 38-39, 43. Where the infringing marks are identical, consumer confusion is presumed. See C=Holdings B.V. v. Asiarim Corp., 992 F. Supp. 2d 223, 240-41 (S.D.N.Y. 2013).

STP Goods has therefore established that its marks warrant protection and that STPGoods Shop's infringing use is likely to cause confusion. STP Goods is entitled to default judgment on both of its trademark infringement claims.

### II.  Permanent Injunction

STP Goods is entitled to a permanent injunction enjoining STPGoods Shop from infringing on its trademarks and shutting down the STPGoods Shop website. "A court may issue such a

4

permanent injunction based on its consideration of (1) the likelihood that plaintiff will suffer irreparable harm if an injunction is not granted; (2) whether remedies at law such as monetary damages are inadequate to compensate plaintiff for that harm; (3) the balance of hardships; and (4) whether the public interest would not be disserved by a permanent injunction." Rovio Ent., Ltd. v. Allstar Vending, Inc., 97 F. Supp. 3d 536, 547 (S.D.N.Y. 2015). A court may convert a preliminary injunction to a permanent injunction when the record is substantially similar. See Am. Freedom Def. Initiative v. Metro. Transp. Auth., 889 F. Supp. 2d 606, 611 (S.D.N.Y. 2012).

Here, the record is substantially similar to the record upon which this Court granted a preliminary injunction. Additionally, each factor supports a permanent injunction. First, STP Goods will suffer harm to its reputation and customer goodwill should STPGoods Shop's website continue to exist. Comp. at ¶¶ 8, 11, 47-50. Second, STP Goods does not seek monetary damages, and only a permanent shutdown of the website will ensure effective and continued relief, as STPGoods Shop has not responded to any of STP Goods' demands to date. Id. at ¶¶ 44, 51. Third, the balance of hardships tips in STP Goods' favor, as it faces risks to its reputation and goodwill, while STPGoods Shop is prevented from profiting from illegal and infringing activity. Id. at ¶¶ 8, 11, 45-50. Finally, the public interest favors shutting down

a website that is infringing on trademarks and defrauding customers. Id. at ¶ 45-50. STP Goods is entitled to the following permanent injunction:

   A. Defendant STPGoods Shop is hereby permanently restrained and enjoined from engaging in any of the following acts or omissions:

> 1. Manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, or selling, Infringing Goods;
>
> 2. Secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) infringing products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their user accounts, internet storefronts or Defendant's assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Goods;
>
> 3. Effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, user account, internet storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Goods for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and
>
> 4. Knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs II(A)(1) through II(A)(3) above.

   B. IT IS HEREBY ORDERED, sufficient cause having been shown, that pursuant to Federal Rule of Civil Procedure 65(d)(2), any persons who are in active concert or participation with

Defendant who receives actual notice of this order by personal service or otherwise, are hereby restrained and enjoined from engaging in the aforementioned acts or omissions.

C. IT IS FURTHER ORDERED that service of this Permanent Injunction Order by electronic means shall be made on Defendant STPGoods Shop within five (5) days of entry of this Order by the Court.

D. IT IS FURTHER ORDERED that in order to bind any Third Parties to this Permanent Injunction Order, Plaintiffs shall serve those Third-Parties by overnight mail through Fed-Ex, United States Postal Service, or any other commercial carrier that provides electronic confirmation of delivery, within fourteen (14) days entry of this Order by the Court.

## Conclusion

The Motion for Default Judgment and a Permanent Injunction is granted.

So ordered.

Dated:   New York, New York
         November 28, 2023

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.